IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:06-CR-116-1BO
No. 7:17-CV-214-BO

| | |
|---|---|
| ARTURO NAVARRO BAZA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **O R D E R** |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss. The appropriate response to motion to dismiss has been filed and the matter is ripe for ruling. For the reasons that follow, the government's motion to dismiss is granted.

## BACKGROUND

Petitioner was sentenced to a term of 120 months plus sixty months' imprisonment, to be served consecutively, following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms of cocaine and more than fifty grams of methamphetamine in violation of 21 U.S.C. § 846 and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). [DE 21]. Petitioner did not appeal his conviction or sentence. Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on April 28, 2017, as well as a second § 2255 motion on the correct form on November 27, 2017. In both motions, petitioner contends that he is entitled to a reduction in his sentence in light of *Dean v. United States*, 137 S. Ct. 1170 (April 3, 2017). Petitioner further

argues that the Court violated the Judiciary Act of 1789 by requiring him to submit his § 2255 motion on the correct form and that his mandatory minimum sentence on the drug count should be revisited in light of *Alleyne v. United States*, 570 U.S. 99 (2013).

## DISCUSSION

The government contends that the Court should dismiss petitioner's § 2255 motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. "To survive a motion to dismiss pursuant to Rule 12(b)(6), [a petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas,* 627 F.3d 534, 539 (4th Cir. 2010) (internal quotation and citation omitted).

In its motion to dismiss, the government argues that the § 2255 motion is untimely. A motion to vacate under § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Because he did not file a direct appeal, petitioner's conviction became final on the date of entry of his judgment of conviction or, at the latest, when the time for noticing a direct appeal expired fourteen days from the date of entry of

judgment. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001); *United States v. Brown*, 596 F. App'x 209, 211 (4th Cir. 2015) (unpublished) (applying *Sanders*); *see also United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014)(unpublished) (holding that limitations period begins when the time for filing direct appeal has expired) (citing *Clay v. United States*, 537 U.S. 522, 525 (2003)); *Hannigan v. United States*, 131 F. Supp. 3d 480, 484 n.1 (E.D.N.C. 2015) (recognizing that the Fourth Circuit has not overruled *Sanders* and discussing application of *Clay*). Petitioner's motion, filed approximately ten years after his judgment of conviction, is not timely under § 2255(f)(1).

Nor is petitioner's motion timely under § 2255(f)(3), which provides a limitations period beginning on the date that the Supreme Court initially recognizes a right that has been made retroactively applicable on collateral review. Although the instant motion was filed within one year of the decision in *Dean v. United States*, "other courts have found that *Dean* is not retroactively applicable on collateral review based upon the criteria specified in *Teague v. Lane*, 489 U.S. 288, 311–16 (1989)." *Habeck v. United States*, No. 2:17CV256, 2018 WL 1405484, at *4 (E.D. Va. Feb. 8, 2018), *report and recommendation adopted,* No. 2:17CV256, 2018 WL 1400977 (E.D. Va. Mar. 19, 2018); *see also In re Dockery*, 869 F.3d 356 (5th Cir. 2017); *United States v. Taylor*, No. 7:12cr43, 2017 WL 3381369, at *4 (W.D. Va. Aug. 4, 2017) (listing cases holding that *Dean* does not apply retroactively to § 2255 proceedings); *but see United States v. Thompson*, 714 F. App'x 288, 289 (4th Cir. 2018) (dismissing appeal as untimely in light of lack consideration of claim raised under *Dean*, but expressing no opinion as to merits of *Dean* claim).

Moreover, petitioner has not demonstrated that relief would be warranted under *Dean*. In *Dean*, the Supreme Court held that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under §

3

924(c) when calculating a just sentence for the predicate count." 137 S. Ct. at 1176–77. Petitioner has failed to sufficiently allege that the sentence imposed on his predicate drug count would have been different with the benefit of *Dean*, as petitioner received the statutory minimum sentence on both counts. *See* 21 U.S.C. § 841(b)(1)(A)(ii); 18 U.S.C. § 924(c)(1)(A).

Petitioner has not demonstrated any prejudice which has resulted from being required to file his § 2255 motion on the correct form, and his claim under *Alleyne* also fails has that case has not been held to be retroactively applicable to cases on collateral review. *See Hannigan v. United States*, 131 F. Supp. 3d 480, 486 (E.D.N.C. 2015) (listing cases holding same).

Accordingly, dismissal of petitioner's § 2255 motion is appropriate because it is untimely and alternatively because petitioner has not alleged a claim upon which relief can be granted.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss [DE 57] is GRANTED and petitioner's motions to vacate, set aside, or correct sentence [DE 50 & 55] are DISMISSED. Petitioner's motion to expedite [DE 52] is DENIED as moot. A certificate of appealability is DENIED.

SO ORDERED, this _11_ day of April, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE